Delphine James (dmjamesjd@aol.com)
Law Office of Delphine James, PLLC
2656 South Loop West, Ste. 170
Houston, Texas, 77054
Tel.: (713) 661-4144
Fax: (713) 661-4145
*Attorney for Plaintiff Omar Jaso*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **OMAR JASO,** | § | |
| **Plaintiff,** | § | **Case No.** |
| | § | |
| **V.** | § | |
| | § | |
| THE COCA COLA COMPANY | § | |
| THE COCA COLA EXPORT | § | |
| CORPORATION | | |
| McCann Erickson | § | |
| **Defendants.** | § | |

## COMPLAINT

1. Plaintiff, Omar Jaso, by his attorney Delphine James, for his complaint against Defendants , Mccan Erickson ("Erickson") , The Coca Cola Company ("Coca") and The Coca Cola Export Corporation ("Export") , alleges as follows:

## NATURE OF THE ACTION

2. Plaintiff, Omar Jaso ("Plaintiff' or "Jaso"), is the copyright owner of the music, "EL JUEGO", that was originally written and composed by Jaso originally from Mexico.  Jaso is a permanent resident of the United States of America and is now residing in League City, Texas.

3. Jaso originally registered the copyright in Mexico and recently filed for

   copyright registration in the United States prior to bringing this lawsuit.

   Plaintiff brings this action to redress Defendants' unlawful production, offering,

   distribution and sale of commercials, novelties items including but not limited

   to; calculators, telephones, musical toys and the like, as well as causing the

music to be performed on the internet of an unauthorized derivative of the

Plaintiff's copyrighted "EL JUEGO" (the "Infringing Goods").  Jaso did not

give Coca permission to use "El Juego" to create commercials promoting Coca

products using "Always", an infringing derivative work of El Juego.

4.   Defendants' conduct has threatened Omar Jaso's relations with his licensees and

customers, as well as his sales to consumers of genuine, authorized Omar Jaso

Compositions, and has deprived Omar Jaso of the ability to control its own

copyrighted work, causing enormous and irreparable harm.

5.   Plaintiff asserts a claim for copyright infringement under the U.S. Copyright Act of 1976, as

amended (the "Copyright Act"), 17 U.S.C. § 101 et seq, and seeks injunctive

relief against the further manufacture, distribution, advertising, promotion,

offering and/or sale of any derivative of the Infringing Goods and the means of

manufacturing them; and monetary relief, including recovery of Plaintiff's

damages and Defendants' profits generated from their unlawful activities.

6.   This lawsuit seeks damages for commercial piracy in violation of the Copyright Act of

1976 (the "Act"), as amended, 17 U.S.C. § 101, et seq., including an

accounting of profits that Jaso is entitled to under the Act that Coco Cola

derived from their infringing activity, reasonable attorneys fees, costs

and an injunction. This lawsuit seeks damages for violation of the Racketeer

Influence And Corrupt Organization Act ("R.I.C.O."), 18 U.S.C. § 1961, et

seq., including treble damages, reasonable attorneys fees and costs.  This

lawsuit seeks damages for violation of the Lanham act for Reverse Passing

Off.  It also seeks damages pursuant to Texas common law claims for

unfair competition, civil conspiracy and unjust enrichment.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction under Section 501 of the Copyright

Act, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a) and 1367 because Jaso

is bringing claims for copyright infringement as well as unfair competition claims under federal law, and these claims are joined with related Texas common law claims. The Court has subject matter jurisdiction over Jaso's R.I.C.O. claim pursuant to 18 U.S.C. § 1964(c).

8.      This Court has general personal jurisdiction over Defendants because they have continuous and systematic contacts with Texas.

9.      This Court has specific personal jurisdiction over Defendants because, on information and belief, Defendants have engaged in conduct, giving rise to the claims herein, that satisfies the Texas long-arm statute.      This Court has specific personal jurisdiction over Defendants. Upon information and belief, the infringing goods have been distributed, sold and published throughout the United States including in the State Of Texas and this District, and Defendants have derived substantial revenue therefrom.  Additionally, defendants conduct business in the state of Texas.  This Court has personal jurisdiction over Defendants because, on information and belief, it is doing business within Texas.

10.     This Court has personal jurisdiction over Defendants because, on information and belief, Coca conspired with Export and Ericson  to infringe Jaso's copyright rights in numerous through unauthorized use of El Juego in Commercial advertisements that  unjustly Defendants.

11.   Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

12.   Plaintiff is a permanent resident of Texas.  Plaintiff owns the exclusive rights under copyright in the "EL JUEGO" in the United States, his country of origin, Mexico, and elsewhere around the world.

13.   Upon information and belief, Defendant Coca Cola Company ("Coca Cola") is a Georgia corporation with its principal place of business at  One Coca-Cola Plaza, N.W. Atlanta, Georgia 30313.  Coca Cola have business offices located at but not limited to; 2800 Bissonnet St, Houston, TX 77005,

9300 Center Point Dr, Houston, TX, 5800 Surrey Square St, Houston, TX, 2000 Saint James Pl, Houston, TX, 1700 Crosspoint Ave, Houston, TX, 2819 Berkley St, Houston, TX, 1401 E Cedar St, Angleton, TX, 3706 N Frazier St, Conroe, TX, 1301 S Blue Bell Rd, Brenham, TX, 1001 W Jackson St, El Campo, TX and 11450 Eastex Fwy, Beaumont, TX

14.   Upon information and belief, Defendant The Coca Cola Export Corporation is a Delaware corporation with its principle business office at One Coca-Cola Plaza, N.W. Atlanta, Georgia 30313, and conducting import and export operations throughout the world including Mexico through the offices of the Coca Cola Company in the State of Texas.

15.   Upon information and belief, Defendant The Coca-Cola FEMSA, S.A.B. de C.V. is a Mexican corporation with its principle business office at Guillermo González Camarena No. 600, Col. Centro de Ciudad Santa Fé,Delegación Álvaro Obregón,México, D.F., 01210, México. and conducting business in the United with and through  the Coca Cola Company, the Coca Cola Export Corporation and McCann Erickson at import and export operations throughout the world including Mexico through the offices of the Coca Cola Company in the State of Texas.

16.   Upon information and belief, Defendant, McCann Erickson is a corporation with a principle business office at 622 Third Avenue, New York, New York 10017 and conducting import and export operations throughout the world including Mexico through the offices of the Coca Cola Company in the State of Texas.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Omar Jaso and  "EL JUEGO"

17.   In the mid 1980s, Plaintiff, Omar Jaso, composed the musical arraignment "EL JUEGO" with the intent of releasing a commercial recording at a later date. Mr. Omar Jaso is internationally known for his unique style of music compositions and his ability to create new musical expressions that appeal to a

broad audience. Mr. Omar Jaso created such a new unique musical expression with "EL JUEGO".

18.   "EL JUEGO" is an original work of authorship. Plaintiff, Omar Jaso, originally from Mexico, is a permanent resident of the United States of America now residing in League City, Texas, owns all rights under copyright in "EL JUEGO" dully registered in Mexico, Copyright Registration.  This registration is valid, subsisting, and in full force and effect.'

19.   Over the years, Mr. Omar Jaso has gained enormous popularity, renown and success in Mexico, the United States and elsewhere in the world. Since shortly after its creation, the "EL JUEGO" and advertising works based on "EL JUEGO" such as the unauthorized derivative "Always Coca Cola" have generated hundreds of millions of dollars in sales in the United States and abroad for The Coca Cola Company and the unauthorized derivative "Always Coca Cola" has become one of the most iconic and commercially successful advertising jingles of all time.

<u>Defendants' Unlawful Activities</u>

20.   Omar Jasso was a professional musician that created and performed his own music.

21.   On information and belief Coca Cola is a national and international beverage company.

22.   On information and belief Export distributes Coke products internationally and distributes the supporting Coca Cola's commercials internationally.

23.   On information and belief Erickson is a Marketing Company that produced the infringing Coca Cola's Commercials using Always.

24.   Defendants produce and sell Coca Cola and other products advertised with "Always Coca Cola" an unauthorized derivative of "EL JUEGO".

Defendants produce and sell commercials and other advertising products containing "Always Coca Cola" an unauthorized derivative of "EL JUEGO".

25.    Upon information and belief, Defendants, without the authorization or consent of Plaintiff, have engaged or participated in the production, distribution, promotion, offering for sale and/or sale of the Infringing Goods and have advertised Coca Cola and Defendants other products with "Always Coca Cola" an unauthorized derivative of "EL JUEGO".

26.    The song **Atlantes de Tula** was copyrighted in Mexico by Jaso in approximately 10/31/86 with registration number 15845/86.
27.    The song **El Juego was** copyrighted in Mexico by Jaso in approximately 11/11/87 with registration number 774/87.
28.    Jaso recently filed for copyright registration in the United States.

29.    Upon information and belief, El Juego was recorded as part of "1992" (a group of music commemorating "1992" the 500 year anniversary of the discovery of the New World). It was recorded at Pro Audio Studio Mexico City which is was owned by Alfonso Gonzales Briseno. Upon information and belief,  Luis de Llano, a producer for the TV network Televisa, used Omar's music frequently in TV commercials on TV shows.

30.    In approximately 1991 Jaso learned from his brother Ivan Jaso who hears a Sprite TV commercial using Atlantes and recognizes the music that Coca Cola is using his Music.  Omar contacts the offices of Coca Cola in Mexico to inquire about the use of Atlantes in Sprite commercial. Coca Cola acknowledged the use of his music in TV commercials.   Jaso later learns that

Coca Cola was using El Juego in Coke product commercials on radio in Mexico City.

31.   In approximately 1994, Omar files copyright infringement lawsuit against Coca Cola for Sprite Commercials and  El Juego (Always) in Mexico City, Mexico.

32.   In approximately 1994 Coca Cola registers music in United States.

33.   In approximately 1994 Judge dismisses the Sprite lawsuit claiming it is no longer valid because of jurisdictional issues.

34.   In approximately 1994, Omar continues with El Juego (Always) lawsuit. He is denied physical access to recording studios, Televisa TV studio, dropped by commercial music agents became a leper blackballed with no works offers.

35.   In approximately 1995 Judge orders accounting for the past ten years of Coca Cola's use of El Juego (Always).  Omar is awarded a large Judgment of at least 245 Million against Coca Cola for Copyright Infringement.

36.   In approximately 1999 Shortly after, Omar is accused of fraud and imprisoned based upon the crime of altering the government documents submitted in his lawsuit against the Defendants. Upon information and belief, There was an attempt to invalidate Jaso's copyright by having it altered in the copyright office. After the investigation by the officials during his imprisonment, Jaso's Original copyright registration is certified legal by head of the Mexico copyright office.

37.   In approximately 2000, after 4 ½ months of imprisonment Omar is released without charge and files a lawsuit against Coca Cola and their lawyers

for false imprisonment. Coca Cola attempted to get Omar convicted for a sentence of approximately 8 years. However, He was released and won his case for false imprisonment. During the investigation by the PGR during his imprisonment, it was adjudicated that Omar's copyright was valid and that Coca Cola, Export, and Erickson had committed criminal Copyright infringement.

38. In 2000 Omar was threatened at gunpoint to stop all lawsuits. Later there was a kidnapping attempt against his son in Mexico as well as other immediate family members.

39. Between 2000-2002 Omar Jasso hides out in Mexico. Jaso later tries to commits suicide and develops a problem with dependency on medications.

40. In 2008 he relocates to Houston, Texas and begins to locate his files in Mexico regarding the case.

## CLAIMS FOR RELIEF:

### Count I

### DECLARATORY JUDGMENT

41. Jaso realleges and incorporates by reference paragraphs 1 through 40 as paragraph 41.

42. Plaintiff brings this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 USC sections 2201 and 2202.

43. Upon information and belief, Coca have received Copyright Registration in the United States in for the Music "Always".

44. Coca alleged that it hired professional song writers to create the Jingle "Always" as a work for hire.

45. Coca knew that "Always" is substantially and strikingly similar to El Juego.

46. Upon information and belief, the copyright registration for Always

was obtained by Coca Cola after the law suit was filed in Mexico by Omar Jaso.

47.  At the time of the filing of the copyright registration Coca knew that Omar Jasso had a valid copyright registration in Mexico for El Juego.

48.  At the time of filing of the copyright registration Coca knew that the Mexican court had issued an order that Jasso Copyright on El Juego is valid.   Then, Coca cola has continuously used the Jingle Always after the Mexican Court found that Omar Jasso Copyright is valid and that Coca had violated the criminal copyright laws of Mexico.

49.   Since Coca Cola knew that Jaso had a valid copyright registration, it committed fraud against the copyright office to obtain the registration of the Jingle Always.

50.  Coca knew that Omar Jasso was exonerated of all of the charges in Mexico.

51.  Coca knew that it was willful infringement to continue using the Jingle always.

52.  This Court has subject matter jurisdiction under the "Uniform Enforcement of Foreign Judgment Act" Tex. Civ. Prac. & Rem. Code Ann. §§35.001 et seq.  This Court further has subject matter jurisdiction under the "Uniform Foreign Money-Judgment Recognition Act" Tex. Civ. Prac. & Rem. Code Ann. §§36.004, whereby the judgment obtained in Mexico was final, conclusive and enforceable therein.  The judgment granted to Jaso in the country of Mexico was done so under a "judicial system which does not provide impartial tribunals."  The country of Mexico has judicial proceeding compatible with the requirements of due process of American law.  The foreign court of Mexico did have personal jurisdiction over the defendant and subject matter via the Berne Convention in which the U.S. and Mexico are both members.  Thus, the attached release order validated the original Mexican Court order stating that Coca Cola, Export and Erickson violated Mexican copyright law by publicly broadcasting commercials on the radio utilizing the infringing music Always.  It was determined under this court order that Always was an infringement of Jaso's El Juego which is incorporated by reference through the attached release order from the court of Mexico.

53.   WHEREFORE For reasons, plaintiff asks for judgment against defendant for the following:

a.   Plaintiff ask the court to rule that Coca Cola United States registration of Always is invalid.

b.   Plaintiff ask the court to rule that Omar Jaso Mexican copyright is valid and enforceable in the United States.

c.   Plaintiff asks the court to rule that Mexican Court Order stating that Coco Cola infringed upon Omar Jaso's Mexican Copyright is valid.

d.   Reasonable attorney fees

e.   Costs of Court

f.   All other relief the court deems appropriate.

## C o u n t   I I

### Federal Copyright Infringement
*(1 7   U . S . C .   § §   1 0 1 ,   e t   s e g . )*
**(against  Coca, Export, and Erickson)**

54.   Jaso realleges and incorporates by reference paragraphs 1 through 53 as paragraph 54.

55.   Jaso has complied in all respects with the Act and secured the exclusive rights and privileges in and to the copyrights of the music which are the subject matter of this lawsuit. As a result, Jaso is the exclusive owner of the United States copyrights to the music which are the subject matter of this lawsuit.

56.   Jaso has been at all times, and still is, the sole holder of all the right, title, and interest in and to the copyrights for the music that are the subject matter of this lawsuit.

57.   Defendant's conduct violates the exclusive rights belonging to Jaso as owner of the copyrights in its music, including, without limitation, Jaso's rights under 17 U.S.C. § 106.

58.   Defendants' infringing acts have been willful and deliberate, and in utter disregard for Jaso's rights.

59.   As a direct and proximate result of Defendants' wrongful conduct, they have realized and continue to make large financial gains from their wrongful conduct and reap benefits rightfully belonging to Jaso.

60.   Unless Defendants are enjoined by this Court, they will continue their course of conduct, and will wrongfully use, infringe upon and otherwise profit from Jaso's copyrighted works.

61.   In the absence of discovery, Jaso does not presently know the full extent to which the defendants, and possibly others, have infringed Jaso's copyrights in its music. When Jaso obtains such information, Jaso will seek leave of this Court to amend this complaint to allege such other infringements.

62.   Defendant's infringing conduct is causing irreparable harm to Jaso.

63.   Upon information and belief, Coca is violating Jaso's copyrights, causing damages to Jaso, and wrongfully reaping benefits from its wrongful conduct.

64.   WHEREFORE, the plaintiff, Omar Jaso requests that judgment be entered in its favor and against Defendants for the following relief:

A.   immediately and permanently enjoin Coca, Export, and Erickson, and their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from publishing, republishing, distributing, displaying, copying, or otherwise using in any commercial manner any of Jaso's copyrighted works

B.   declare that Defendant's unauthorized conduct violated Jaso's rights under the Act;

C.   award to Jaso damages in an amount to be determined at trial, including the profits of, and benefits to,  attributable to their infringement to which Jaso is entitled under 17 U.S.C. § 504;

D.   award to Jaso all costs and reasonable attorneys fees pursuant to 17 U.S.C. § 505;

E.   order that all copies of Jaso's copyrighted works, in whatever medium, in Defendant's possession, custody, or control, be destroyed or otherwise permanently

disposed of pursuant to 17 U.S.C. § 503;

order that all copies of Jaso's copyrighted works in Defendants' possession, custody, or
control that are not destroyed be impounded pursuant to 17

U.S.C. § 503;

  G.  Order that Defendants account to Jaso for all gains, profits, and

advantages derived by them by their infringement of Jaso's copyrights;

  H.  order that Defendants refrain from infringing in the future any of

Jaso's copyrights;

  I.  order that Defendants immediately return to Jaso all copies of music

belonging to Jaso that are in their possession, custody or control;

  J.  such other relief to which Jaso is entitled under the Act; and

  K.  such other relief that this Court deems just and proper.

## C o u n t   I I I
### Violation of R.I.C.O.
### (18 U.S.C. § 1962(c))
### (against Coca)

  65. Jaso realleges and incorporates by reference paragraphs 1 through 65 as
paragraph 65.

  66. This claim for relief arises under 18 U.S.C. § 1962(c), as made
enforceable in a civil action by 18 U.S.C. § 1964(c) Coca, Export, Coca-Cola
FEMSA, S.A.B. de C.V. and Erickson is a "person" as that term is used in 18
U.S.C. § 1962(c) and defined in 18U.S.C. § 1961(3).

  67. From 1994 through present, Export was an "enterprise" as that term is
used in 18 U.S.C. § 1962(c) and defined in 18 U.S.C. § 1961(4). From 2000
through 2010, Export was engaged in interstate or foreign commerce, and its
activities affected interstate or foreign commerce.

  68. From 1994 through 2010, Coca was an "enterprise" as that term is used in 18 U.S.C. §
1962(c) and defined in 18 U.S.C. § 1961(4). From 1994 through 2010, Coca
was engaged in interstate or foreign commerce, and its activities affected
interstate or foreign commerce.

  69. From 1994 through 2010, Erickson was an "enterprise" as that term is

used in 18 U.S.C. § 1962(c) and defined in 18 U.S.C. § 1961(4). From 1994 through 2010, Erickson was engaged in interstate or foreign commerce, and its activities affected interstate or foreign commerce.

70.   From 1994 through 2010, Coca was associated with Export and Erickson.

71.   From 1994 through 2010, Coca Cola, Export, and Erickson comprised an association of fact ("Always  Association") by virtue of their affiliation with each other by virtue of their use of the advertisement system to facilitate the illegal distribution of Infringing commercial advertisements.   Defendants through its association committed criminal copyright infringement because the defendants knew that Omar Jaso was using El Juego commercially along with avoiding payment of the substantial amount of royalty payments due Jaso from Coke broadcasting of their commercials.  By virtue of the conduct of Coca described above, Coca directly or indirectly participated in or directed the conduct of the operation and management of Coca and the Always Association through a "pattern of racketeering activity" as that phrase is used in 18 U.S.C. § 1962(c) and defined in 18 U.S.C. § 1961(5). Coca Cola participated in or directed the operations of the Always Association in order to get unauthorized infringing commercial advertisements distributed internationally.

72.   Coca and the Always Association engaged in a pattern of racketeering activity when they, on multiple occasions, distributed to Export the infringing commercials using Jaso's music that are the subject of this lawsuit.

73.   From 1994 through 2010, Coca engaged in "racketeering activity," as the term is used in 18 U.S.C. § 1962(c) and defined in 18 U.S.C. § 1961(1), when it infringed Jaso's copyrights in violation of 17 U.S.C. § 506(a).

74.   From 1994 through 2010, Coca engaged in a pattern of racketeering acts when it repeatedly infringed Jaso's copyrights by publishing and distributing internationally commercials containing infringing music as well as causing the Music to be published on Internet.  Coca 's wrongful conduct was part of its regular way of conducting business.

75.   Coca 's association with Export the Always Association facilitated the infringement of Jaso's copyrights.

76.   By reason of Coca 's violations of 18 U.S.C. § 1962(c), described above,

Jaso has been injured in its business or property.

77.   On information and belief, additional facts regarding Coca 's violation of 18 U.S.C. § 1962(c) are in the possession of Coca and third parties and will be obtained through reasonable discovery.

78.   WHEREFORE, the plaintiff, Jaso requests that judgment be entered in its favor and against Coca for the following relief pursuant to 18 U.S.C. § 1964(c):

A.      an award to Jaso of damages to be determined at trial and then trebled;

B.      the costs of bringing this suit;

C.      reasonable attorneys fees; and

D.      such other relief that this Court deems just and proper.

## C o u n t   I V
### Conspiracy to Infringe Jaso's Copyrights and Violate Jaso's Other Rights (against Coca)

79.   Jaso realleges and incorporates by reference paragraphs 1 through 78 as paragraph 79.

80.   On information and belief, Coca, Erickson and Export formed a conspiratorial agreement to infringe Jaso's copyrights and violate its other rights by transferring and distributing  Jaso's copyrighted El Juego music for use by Coca in their commercial advertisements without paying Jaso, in order to (a) make maximum profits from the sale of merchandise featuring the music, and (b) avoid paying for the substantial royalty fees associated with the use of the El Juego music by Coca.

81.   Coca engaged in the conspiracy intentionally, deliberately, willfully and maliciously for the purpose of infringing Jaso's copyrights and other rights so that Coca could reap financial reward for itself .  In furtherance of the conspiracy, Coca published these advertisements, without Jaso's permission, on You-Tube and various other website and thereby violating Jaso's copyrights.

82.  As a result of Coca 's conduct, Jaso was injured in its business and

property and suffered substantial harm.

83.   On information and belief, additional facts regarding the conspiracy between Coca and Export are in the possession of Coca and Export and will be obtained through reasonable discovery.

84.   WHEREFORE, the plaintiff, Jaso  requests that judgment be entered in its favor and against Coca for the following relief:

A.   an award to Jaso of damages in an amount to be determined at trial;

B.   an award to Jaso of all costs;

C.   punitive damages; and

D.   such other relief that this Court deems just and proper.


**Count V**
**Unjust Enrichment**
**(against all defendants)**

85.   Jaso realleges and incorporates by reference paragraphs 1 through 84 as paragraph 85.

86.   As a result of defendants' conduct in using Jaso's music without Jaso's permission in order to commercially advertise Coke products and reap the benefit therefrom, defendants have unjustly retained a benefit to Jaso's detriment.

87.   Defendants' retention of this benefit violates fundamental principles of justice, equity and good conscience.

88.   WHEREFORE, the plaintiff, Jaso, requests that judgment be entered in its favor and against the defendants other than Matson for the following relief:

A.   an award of damages equal to the amount by which defendants were unjustly

 enriched by their conduct in using Jaso's music without Jaso's consent; and

B.   such other relief that this Court deems just and proper.

**C o u n t   V I**
**Contributory/Vicarious Liability for Federal Copyright Infringement**

**(against Coca Cola)**

89.   Jaso realleges and incorporates by reference paragraphs 1 through 88 as paragraph 89.

90.   The Act, 17 U.S.C. § 101, *et seq.,* provides for individual liability against Coca Cola for copyright infringement.

91.   Matson had responsibility for obtaining the necessary copyright permissions and other legal rights to use Jaso's music that are the subject of this lawsuit.

92.   On information and belief, Coca Cola had the right and ability to supervise Export operations that handled the international advertising of Coke products which used the infringing Always Jingle.

93.   On information and belief, Coca Cola was a dominant influence in Export and Erickson operations and through this influence was in a position that control the acts of Export with regard to the use, transfer an distribution of the infringing commercial advertisements.

94.   On information and belief, Coca Cola was a moving, active, conscious force behind the infringement of Jaso's Music.

95.   On information and belief, a reasonable opportunity for discovery will show that Coca Cola directly participated in conduct that constituted infringement and/or materially contributed to the infringement of Jaso's Music.

96.   On information and belief, Coca Cola personally directed, induced and/or authorized Export to infringe Jaso's copyrights and/or materially contribute to the infringement of Jaso's Music.

97.   Coca Cola acted willfully and knowingly with regard to its conduct pertaining to Jaso's copyrighted Music. Coca Cola knew that Jaso never gave any permission for *his* Music to be duplicated, transferred to, distributed to, or used by Coca Cola in its advertisements. Coca Cola knew that copyright permission was needed for *such* duplication, transfer or use.

98.   Coca Cola's had a significant financial interest in the infringement of

Jaso's copyrighted Music.

99.  WHEREFORE, the plaintiff, Omar Jasso, requests that judgment be entered in its favor and against Coca Cola for the following relief:

A.      Order that Coca Cola is jointly and severally liable for the damages determined at trial that are owed to Jaso by Export and Erickson, including attorneys fees, costs, and the profits of, and benefits to, Export and Erickson attributable to their infringement to which Jaso is entitled under 17 U.S.C. § 504

B.      an award to Jaso of all costs;

C.      punitive damages; and

D.      such other relief that this Court deems just and proper.

## **C o u n t   V I I**
## **UNFAIR COMPETITION UNDER LANHAM ACT AND STATE OF TEXAS**

### **Coca Cola**

100.   Jaso realleges and incorporates by reference paragraphs 1 through 99 as paragraph 100.

101.    Defendant's unauthorized use of "El Juego" as a mark falsely indicates to consumers that defendant's "Always" theme song originated from, and was approved and/or sponsored by, the plaintiff or are otherwise was associated with plaintiff's musical compositions.

102.    Defendant's unauthorized use of "El Juego" in the manner described above has caused confusion, mistake, and deception to customers and potential customers of the parties by suggesting some affiliation, connection, or association of defendant with plaintiff.

103.    Defendant's actions, as set forth above, constitute reverse passing off and trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(1).

104.  Coca Cola committed unfair competition under the Lanham Act as well as the state of Texas by reverse passing off Always as their copyright. .

105. WHEREFORE, the plaintiff, Omar Jasso, requests that judgment be

entered in its favor and against Coca Cola for the following relief:

E.     Order that Coca Cola is jointly and severally liable for the damages determined at trial that are owed to Jaso by Export and Erickson, including attorneys fees, costs, and the profits of, and benefits to, Export and Erickson attributable to their infringement to which Jaso is entitled under Lanham Act

F.     an award to Jaso of all costs;

G.     Lost Profits And Actual damages along with treble damages for willful infringement ; and

H.     such other relief that this Court deems just and proper.

Dated: July 7, 2010                                The Law Office of Delphine James
        Houston, Texas

                                        By:_____
                                         Delphine James
                                        Law Office of Delphine James, PLLC
                                        2656 South Loop West, Ste. 170
                                        Houston, Texas, 77054
                                        Tel.: (713) 661-4144
                                        Fax: (713) 661-4145
                                        *Attorney for Plaintiff Omar Jaso*