UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Omar Jaso, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-10-2423 |
| | § | |
| The Coca Cola Company, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# Opinion on Summary Judgment

1.     *Introduction.*

　　　　Omar Jaso composed a song. Seven years later, the Coca Cola Company used a somewhat similar song in its advertising. Jaso says Coca Cola used and uses his song without his permission. Coca Cola will prevail.

2.     *Background.*

　　　　In 1987, Omar Jaso wrote "El Juego." He copyrighted it in Mexico in 1987. In 1994, Coca Cola with McCann Erickson used a similar song called "Always" in its advertising. Jaso says that Coca Cola derived the song from his.

　　　　From 1994 through 2000, there was a spate of litigation in Mexico. Jaso sued Coca Cola Mexico and McCann Erickson for copyright infringement, but he ultimately failed to follow through on this suit. In 1999, he was criminally accused of falsifying documents in the copyright suit. He spent several months in jail, but was let out for a procedural defect – apparently. In his criminal suit, he recanted his copyright accusations.[1] This shows Jaso was aware of his problems as early as 1994, but failed to do anything with it for sixteen years.

　　　　On July 7, 2010, Jaso sued The Coca Cola Company, The Coca Cola Export Corporation, and McCann Erickson in Texas, saying their use of "Always" violates (a) the

---

[1] Affidavit of Omar Jaso, Pg. 4, Docket Entry 22-2.

Copyright Act, (b) Racketeer Influenced and Corrupt Organizations Act, and (c) Lanham Act. Jaso also wants a declaratory judgment that he owns "El Juego" and that the defendants committed fraud in copyrighting "Always."

This is not a straight-forward copyright case: Jaso admits to suffering from a mental illness. He says that Coca Cola threatened to murder him and tried to kidnap his son. Fearing for his and his family's well-being, he says he was forced to hide in the mountains of Mexico for two years.

Jaso had been representing himself, but he now has an attorney; he no longer gets the lenience afforded to litigants representing themselves.

3.     *Copyright Act.*

Jaso says Coca Cola's recent use of "Always" violates his copyright. Coca Cola's records show it stopped using "Always" in 2000. Under copyright law, he had three years to sue. Jaso's naked assertion that Coca Cola still uses his song cannot survive against precise business records. Through three versions of his complaint and his deposition, he has identified nothing more than mere conclusory abstractions – the refrain in his complaint is "in 1994 to present."[2]

Even giving latitude to Jaso's ramblings, he only identifies two presumed recent uses of "Always" – (1) a ringtone on the Internet and (2) a calculator. Jaso cannot show that Coca Cola created, approved, published, or contributed to the ringtone or the calculator. He rests on an imagined conspiracy that supposes Coca Cola was behind somehow the ringtone's existence online. Nowhere in his complaint does he say Coca Cola was responsible for the sale of the calculator. His exhibits do not even show that the calculator plays his jingle. By contrast, Coca Cola carefully recorded  the information showing that it abandoned "Always" in 2000.

Jaso also says Coca Cola and McCann Erickson are vicariously liable for third party violations of his copyright. A principal is only vicariously liable if its agent violates the copyright.[3] For the third party violators to be agents of Coca Cola and McCann, they would have to be controlled by or authorized to act for them.[4] Jaso has not linked the violators to the

---

[2]  Complaint paragraphs 68, 76-80, 97-98.

[3]  Shapiro, Bernstein & Co. V. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963).

[4]  Davis v. Dupont de Nemours & Co., 240 F. Supp. 612, 631-32 (S.D.N.Y. 1965).

defendants at all – much less shown control or authorization. Jaso's briefing does not even identify who the violators are who produced or sold the ringtone and calculator.

4.      *Racketeering.*

Jaso says Coca Cola and McCann Erickson are racketeering by continuing to use his song, threatening to kill him, lying to the American copyright office, and interfering with his Mexican copyright.

Under this law, he had four years to sue.[5] His racketeering and copyright claims are deficient in parallel with the others; he has not shown how Coca Cola has violated his copyright – or otherwise racketeered – during the last four years. By his own admission, the death threats occurred in 2000. Likewise, the purported lies to the American copyright office occurred in 1994. Without more facts, he cannot simply conclude that decade-old events continue "to present" in the face of Coca Cola's contradicting evidence.

Besides not showing an instance of gangsterism, Jaso has not described a pattern of racketeering or a multi-part enterprise of separate racketeers.[6] He simply parrots language from the statute; he has no facts. He has no evidence showing that he was threatened or who threatened him. He does not say when, where, or how Coca Cola sold his song to foreign entities – whatever those are – to circumvent copyright laws. Not a single fact links Coca Cola to the ringtone. He says even less about McCann Erickson's role.

5.      *Lanham Act.*

Jaso says Coca Cola and Erickson violated the Lanham Act by misrepresenting to consumers that they created his song. This was unfair competition because it confused potential consumers.

Under the Lanham Act, a suit is untimely if its lateness prejudices the target.[7] Courts borrow analogous state law to evaluate timeliness; in Texas, litigants have four years to sue –

---

[5] Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987).

[6] 18 U.S.C. § 1962(c).

[7] Johnson v. Crown Enters, Inc., 398 F.3d 339, 344 (5th Cir. 2005).

the same time given to fraud claims.[8]

Jaso's complaint is the epitome of prejudicial untimeliness – he complains of conduct that is nearly two decades old – or five-times the limit. Coca Cola and Erickson would be required to marshal evidence from the early 1990s; many of its employees, witnesses, files, and perspectives are lost or too expensive to recover. This burden is aggravated by an order of magnitude in light of Jaso's imprecise claims; Coca Cola would not know where to begin, whom to ask, or what to look for.

6.      *Declaratory Judgment.*

Jaso wants a declaratory judgment that he owns "El Juego" due to a 1987 Mexican copyright and that Coca Cola's American copyright of "Always" was obtained by fraud.

A claim of fraud requires that he must describe with concrete precision the facts that would support a conclusion of fraud.[9] Fraud requires that Jaso show, within four years of his suit, Coca Cola to have represented a present material fact as true (a) when it knew that it was false, (b) intending that Jaso would rely on it, (c) he reasonably relied on it, (d) to his detriment. He has not shown this, despite three amended complaints and two years.

Jaso does not have standing to challenge Coca Cola's supposed defrauding of a government body. Under Article III, people do not have standing – because they have not suffered an injury in fact – if the only harm they complain of is the government's failure to follow the law.[10] It is the United States Copyright Office's job to conduct their own independent analysis.

There is no live controversy under Article III about Jaso's 1987 copyright of "El Juego" because Coca Cola and McCann never dispute his ownership rights.[11] The defendants no longer use "Always" to advertise, so they have no stake in what Jaso does with the song. Because the

---

[8] Tex. Civ. Prac. & Rem. § 16.004; Mary Kay, Inc. v. Weber, 601 F. Supp. 2d 839 (N.D. Tex. 2009).

[9] Fed. R. C. Pro. 9(b).

[10] Fairchild v. Hughes, 258 U.S. 126 (1922); United States v. Richardson, 418 U.S. 166 (1974).

[11] DeFunis v. Odegaard, 416 U.S. 312 (1974).

parties are not adverse, the court does not have Article III jurisdiction to issue a declaratory judgment on this issue.

7.  *Conclusion.*

It has been nearly twenty years since Jaso sued Coca Cola and Erickson on these facts in Mexico. He has not been able to produce verifiable facts or a coherent narrative of an injury. Enough is enough.

Signed on January ____, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge